# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TOTAL SLEEP DIAGNOSTICS, INC., ET AL.** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 06-4153** |
| | * | |
| **UNITED HEALTHCARE INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is Defendants' Motion for Partial Summary Judgment (Rec. Doc. No. 25). For the following reasons, the motion is GRANTED in part and DENIED in part.

## I.  BACKGROUND

This case arises out of health benefits claims submitted by Total Sleep Diagnostics ("TSD") to United HealthCare Insurance Company ("UHC"). TSD provided sleep diagnostic studies to patients who received referrals from physicians and who were beneficiaries of health plans administered by the Defendants.

According to the Plaintiffs, patients who were UHC beneficiaries would assign their health benefits under UHC plans to the Plaintiffs, as well as the right to sue in case UHC failed to provide benefits or reimbursement. The Plaintiffs claim that the Defendants have consistently underpaid or failed to pay Plaintiffs' claims for payments since August 2004. The Plaintiffs assert claims as beneficiaries under ERISA, 29 U.S.C. § 1132(a)(1)(B) for failure to pay and/or underpayment of the Plaintiffs' claims, failure to produce plan documents within 30 days of Plaintiffs' requests, and seek attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1). Plaintiffs further seek damages, penalties and interest for refusal to timely pay claims under the Louisiana Insurance Code's Non-Electronic Claim Submission Provisions, La. Rev. Stat. 22:250.32 and 22:250.33, Louisiana Unfair Trade Practices Act for unfair or deceptive practices

under La. Rev. Stat. 51:1401 et seq, and for unjust enrichment under La. Civil Code Art. 2298 in the event the Plaintiffs' claims are found not to arise under ERISA. The Defendants have answered and denied liability.

## II. THE MOTION

The Defendants now move for partial summary judgment finding that four of the Plaintiffs' five causes of action fail as a matter of law, and that the remaining claim, for denial of benefits under ERISA, is barred by prescription. The Defendants assert that the Plaintiffs' ERISA claim for failure to produce plan documents fails as a matter of law because the Plaintiffs are not a plan "beneficiary" entitled to the documents. The Defendants further assert that ERISA completely preempted the Plaintiffs' state law claims under the Louisiana Unfair Trade Practices Act, La.Rev.Stat. Ann. § 51:1401, et seq. (West 1987) ("LUTPA"), unjust enrichment, and the Timely Claims Payment claim La. Rev. Stat. 22:250:32.. The Defendants also argue that the LUTPA claim is barred under a LUTPA exception, and the allegations in the complaint do not give rise to a LUTPA claim. Finally, the Defendants assert that there is no private cause of action under the Timely Claims Payment Statute La. Rev. Stat. 22:250:32.

In response, the Plaintiffs claim that they have derivative standing to assert a failure to produce documents in violation of ERISA. The Plaintiffs further argue that the court should find that a private right of action exists in the Timely Claims Payment claim and the LUTPA. The Plaintiffs state that there is no evidence that their LUTPA claims are subject to the jurisdiction of the insurance commissioner. The Plaintiffs also argue that their claims are not subject to preemption by ERISA because their claims are based on a legal duty owed to the Plaintiffs independent of ERISA.

## III. LAW AND ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

### A. Failure to Produce Documents

The Defendants assert that the Plaintiffs' ERISA claim for failure to produce plan documents fails as a matter of law because the Plaintiffs are not a plan beneficiary entitled to the documents, and even if they are, they are not entitled to all the benefits of a beneficiary under ERISA.

The ERISA provision at issue requires that plan administrators periodically furnish *participants* or *beneficiaries* with a Summary Plan Description, *see* 29 U.S.C. § 1024(b)(1), the purpose being to communicate to beneficiaries the essential information about the plan. *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995) (emphasis added).

The Plaintiffs assert that although they do not qualify as a beneficiary or participant, they have derivative standing to file suit pursuant to a valid assignment or rights. The Plaintiffs concede that they are aware of no Fifth Circuit decision that specifically addresses derivative standing regarding 29 U.S.C. § 1132(c). However, they assert that the language in 29 U.S.C. §

1132(c)(1) uses the same terms as used in 29 U.S.C. § 1132(a)(1), "participant" or "beneficiary," and the Fifth Circuit in *Hermann I* gave derivative standing under 29 U.S.C. § 1132(a)(1) to assert a claim for benefits pursuant to 1132(a)(1)(B). *See Hermann Hosp. v. MEBA Medical & Benefits Plan*, 845 F.2d 1286 (5th Cir. 1988).

As the Fifth Circuit explained in *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1289 (5th Cir.1988), derivative actions under § 1132 are allowable for health care benefits. Unlike the "elaborate and complex statutory anti-assignment clause for ERISA pension benefits," ERISA "contains no anti-assignment provisions with regard to health care benefits of ERISA-governed medical plans .... [because such an assignment] facilitates rather than hampers the employee's receipt of health benefits." *See Lakeland Anesteisa, Inc. v. Aetna U.S. Healthcare, Inc.*, 2000 WL 777911 (E.D. La. June 15, 2000). Without such an assignment, a third-party service provider "has no standing as a 'non-enumerated party' to pursue an action described in § 1132(a)." *Id*. "Health care providers [do not] have independent standing to seek redress under ERISA." *Id*.

The Defendants cite *Barix Clinics of Ohio, Inc. v. Longaberger Family of Companies Group Medical Plan, et al.*, 459 F.Supp.2d 617 (S.D. Ohio 2005) to argue "The mere fact that a participant or beneficiary assigns payment for unpaid charges directly to the provider, as occurred in this case, does not constitute an assignment of every right or cause of action the participant or beneficiary may have under ERISA." However, the court in *Barix* held that the health care provider had not demonstrated sufficient evidence that it had received a valid assignment of benefits. 459 F.Supp.2d 617. The assignment at issue in this case states,

Assignment of Rights

> I [participant] hereby assign to Total Sleep Diagnostics (to the
> extent allowed by law), the right to collect the unpaid insurance

> benefits, penalties, attorney's fees, court costs and all other recoverable damages of any nature from the medical insurance company that provided coverage on the date listed below. This assignment includes the assignment of the right to sue the undersigned's medical insurance company in the undersigned's/insured's name and assert all claims that the undersigned/insured will have against the insurance company resulting from, or in any way pertaining to, the [sic] medial insurance coverage that the undersigned is alleged to have had with his or her insurance company . . .

TSD Assignment of Rights, Pl.'s Opp. Ex. A. (Rec. Doc. No. 29).

This assignment includes the right to sue and to pursue claims that the insured would have against the insurance company. The production of plan documents are essential to the Plaintiffs' ERISA claim. Furthermore, the Fifth Circuit has delineated a strong policy in favor of granting derivative standing.[1] Considering the extent of the assignment at issue here, the fact that derivative ERISA actions under 29 U.S.C. § 1132(a)(1) based on valid assignments have been recognized, and the strong policy recognized by the Fifth Circuit in favor of recognizing such derivative actions, the Court finds that derivative standing is applicable to 29 U.S.C. § 1132(c)(1) and the Plaintiffs are entitled to the production of documents. Accordingly, the Defendants' motion on this issue is denied.

### b. Unfair Trade Practices Claim

The Defendants further assert that ERISA completely preempted the Plaintiffs' state law claims under the Louisiana Unfair Trade Practices Act, La.Rev.Stat. Ann. § 51:1401, et seq. (West 1987) ("LUTPA"), the claim is exempt under state law because it is subject to the

---

[1] "[D]enying derivative standing to health care providers would harm participants or beneficiaries because it would discourage providers from becoming assignees and possibly from helping beneficiaries who were unable to pay them 'up-front.' Likewise, granting derivative standing to the assignees of health care providers helps plan participants and beneficiaries by encouraging providers to accept participants who are unable to pay up front." *Tango Transport v. Healthcare Financial Services, Inc.*, 322 F.3d 888 (5th Cir. 2003) (citations omitted).

jurisdiction of the Insurance Commissioner, and the allegations in the complaint do not give rise to a LUTPA claim. Because the Court finds that the allegations in the complaint do not give rise to a LUTPA claim, the Court declines to address the Defendants' other arguments.

The Defendants assert that since the Plaintiffs are not a consumer or a business competitor, they are not entitled to bring a claim under LUTPA. The Plaintiffs argue that they stand in the shoes of the consumer by virtue of the assignment.

Louisiana has established a private cause of action for any person who is damaged as a result of unfair or deceptive practices in the conduct of trade or commerce if the actions amount to a violation of LUTPA. LUTPA is designed to prevent injury to competition and, in doing so, to protect consumers and business competitors from injury. *See Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1331 (5th Cir.1994); *Landrum v. Bd. of Comm'rs of the Orleans Levee Dist.*, 758 F.Supp. 387, 392 (E.D.La.1991).

Pursuant to *Turbos de Acero de Mexico, SA v. American International Investment Corp., Inc.*, 292 F .3d 471 (5th Cir.2002), and consistent with this purpose, LUTPA only affords a private right of action to direct consumers or business competitors. *See also Sudo Properties, Inc. v. Terrebonne Parish Consolidated Government,* 2008 WL 2623000 (E.D. La. July 2, 2008) (Berrigan, J.). A consumer is "any person who uses, purchases, or leases good or services." La. R.S. § 51:1402(1). A business competitor is a person who actually or potentially engages in business that competes directly or indirectly with the plaintiff. *Tubos de Acero de Mexico v. American Int'l Investment Corp.*, 292 F.3d 471, 480 (5th Cir.2002). Additionally, under *Orthopedic & Sports Injury Clinic v. Wang Laboratories, Inc.*, 922 F.2d 220 (5th Cir.1991), the definition of consumer was limited to only those transactions including personal, family, or household use. *Id*. at *5. The court in *Sudo Properties, Inc. v. Terrebonne Parish Consolidated*

*Government,* 2008 WL 2623000 (E.D. La. July 2, 2008) found that these holdings preclude business related claims under the statute. *Id.*

LUTPA was enacted to prohibit unfair or deceptive methods, acts or practices in the conduct of trade or commerce. LUTPA defines a consumer as "any person who uses, purchases, or leases goods or services." La. Rev. Stat. § 51:1402. A consumer transaction is defined as "any transaction involving trade or commerce to a natural person, the subject of which transaction is primarily intended for personal, family, or household use." *Id*. By virtue of the assignment, the Plaintiffs have a limited right to seek recovery. The Plaintiffs do not become a consumer because of the contract. They do not qualify as a consumer as the term is defined by LUTPA. As the Plaintiffs are not a consumer or business competitor under the terms of LUTPA, the Plaintiffs have not asserted a cause of action and the Defendants' motion for summary judgment shall be granted on this issue.

### c. Unjust Enrichment

The Defendants assert that Plaintiffs' unjust enrichment claims under LA Civ Code art. 2298 are preempted by ERISA. ERISA preempts "any and all state laws insofar as they may not or hereafter relate to any employee benefit plan." 29 U.S.C. §§ 1144(a), 1132(a)(1)(B).

In the case at bar, Plaintiffs' unjust enrichment cause of action makes reference to and relates to the employee benefit plans at issue. *See Albert Einstein Med. Ctr. v. National Benefit Fund for Hosp. & Health Care Employees,* 740 F.Supp. 343, 347 (E.D.Pa.1989). "To the extent that plaintiffs are attempting to assert by these claims any rights under the terms of the plan, these claims do relate to the terms of the plan." *Id.* Where the Plaintiffs' claim would have no factual underpinnings in the absence of the ERISA plans, and the Court must construe the terms of the plans to ascertain the extent of Plaintiffs' entitlement to employee benefits, the claim

is preempted by ERISA. *See Goss v. Firestone Polymers, L.L.C.*, 2005 WL 1004717 (E.D. Tex. Apr. 13, 2005); *Montesano v. Philadelphia Elec. Co.*, No. CIV. A. 93-6266, 1995 WL 217644, at *1 (E.D. Pa. Apr.13, 1995).

In addition, the Plaintiffs assert that the Defendants will be unjustly enriched if the Defendants are allowed to retain the benefits conferred on it without payment. "An unjust enrichment claim seeking the disbursement of benefits is preempted because it is, in essence, one for benefits that 'relates to' the [ERISA] Plan, and it does not fall under the rubric of 'other appropriate equitable relief' which ERISA allows." *Peach v. Ultramar Diamond Shamrock*, 229 F.Supp.2d 759, 771 (E.D.Mich.2002). "Claims for benefits may not be disguised as claims under the federal common law or other provisions of ERISA." *Id.* Where a plaintiff seeks a payment of benefits, his only remedy is under 29 U.S.C. § 1132(a)(1)(B). *See id.* (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 91-92 (6th Cir.1997)). Furthermore, creation of a federal common law of unjust enrichment and third-party beneficiary claims would be inconsistent with ERISA's terms and policies. *Morales v. Pan American Life Ins. Co.*, 718 F. Supp. 1297, FN 9 (E.D. La. 1989). Thus, the Defendants are entitled to summary judgment on the unjust enrichment claim.

### d. Timely Claims Payment Statute

The Defendants assert that there is no private right of action under the Timely Claims Payment Statute La Rev. Stat. 22:250:32, renumbered as La. Rev. Stat. 22:1832, and that the Plaintiffs' claims under this statute are preempted by ERISA. In response, the Plaintiffs claim that the Timely Claims Payment Statute creates a right independent of ERISA. The Plaintiffs further urge the court to find that they have an implied right of action.

Pursuant to the insurance code, only the insurance commissioner can enforce the plan for failure to timely pay claims. La. Rev. Stat. 22:250.37, renumbered as La. Rev. Stat.

22:1837, covering violations, cease and desist orders, and penalties, states, "Whenever the commissioner has reason to believe that any health insurance issuer is not in full compliance with the requirements of this Part, he shall notify such issuer and, after notice and opportunity for hearing ...the commissioner shall issue and cause to be served an order requiring the health insurance issuer to cease and desist from any violation and order any one or more of the following...." The statute provides no private right of action to enforce the code for failure to timely pay claims. The Plaintiffs assert that they are members of the class sought to be benefitted, there is legislative intent to imply the existence of this right, and an implied right would be consistent with the legislative scheme. However, the Plaintiffs provide no case law to support this claim, and the code clearly provides the insurance commissioner with the right of enforcement. The Plaintiffs have not provided evidence of legislative intent to create an implied right to enforce the code. The Court declines to find that the Timely Claims Payment Statute creates an implied right of action.

### e. Prescription of the Claim for Denial of Benefits

The Defendants assert that the Plaintiffs' claim for denial of benefits is barred by a one-year prescription period. Since the Plaintiffs filed suit on August 7, 2006, the Defendants argue that the Plaintiffs' claims for any denial of benefits that occurred before August 7, 2005 are barred.

In a suit to recover benefits under an ERISA plan, the Court looks to analogous state law to determine the statute of limitations. *Patterson v. GNB Technologies, Inc.*, 2006 WL 1581121 (W.D. La. June 6, 2006). Under Louisiana law, the state's ten-year prescription period for personal actions under article 3499 of the Louisiana Civil Code is usually found to be the most analogous state statute for ERISA claims. *See Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 230

(5th Cir.1997); *Kennedy v. Electricians Pension Plan, IBEW No. 995*, 954 F.2d 1116, 1120 (5th Cir.1992); *Patterson v. GNB Technologies, Inc.*, 2006 WL 1581121 (W.D. La. June 6, 2006).

The Defendants argue that when the plan benefit is covered by an insurance policy, the most analogous state statute is the Insurance Code, La. Rev. Stat. 22:213(A)(11), which has a one-year prescription period. For support, the Defendants cite *Noland v. Sun Life Assurance Company of Canada*, 252 F.3d 436 (5th Cir. 2001), in which the Fifth Circuit upheld the district court's summary judgment in favor of the defendant, finding that the plaintiff's ERISA claims under a plan that was covered by insurance were barred by prescription.

In *Noland*, the Fifth Circuit stated, "We note that while *Hall* and *Kennedy* concerned ERISA benefit plans, neither case involved a plan where the employee benefit was provided by an insurance policy. The district court suggested that where the benefit in issue is claimed under an insurance policy, as in the pending case, the most analogous state statute is §22.213(A)(11) of the Louisiana Revised Statutes, which is applicable to health and accident insurance and provides for a one-year prescription period...We need not decide this issue." 252 F.3d 436 (citations omitted).

In *Noland* the Fifth Circuit pursuant to Rule 47.5.4 determined that the decision should not be published and has limited precedential value. 252 F.3d 436. Additionally, the Fifth Circuit in *Noland* found that regardless of the most analogous prescriptive period, the parties had contracted for a three-year limit on actions, and that time limit had been reached before the plaintiffs filed suit. *Id*. The Defendants argue that where the plan language is silent, the prescriptive period should be limited to one year. However, it is not clear whether the plan language is silent. Thus, the Plaintiffs' claims may be subject to a ten- year prescriptive period, but a genuine issue of material fact exists as to whether the plans were insured and subject to

one-year prescription under La. Rev. Stat. 22:213(A)(11), or otherwise subject to a ten-year prescriptive period. Accordingly, summary judgment on this issue is not appropriate at this time.

**IV. CONCLUSION**

For the foregoing reasons, the Defendant's Motion for Partial Summary Judgment (Rec. Doc. No. 25) is GRANTED in part on the issues of the Louisiana Unfair trade Practices Act and unjust enrichment, and DENIED in part on all other claims.

New Orleans, Louisiana this 20th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE