# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TOTAL SLEEP DIAGNOSTICS, INC., ET AL.** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO. 06-4153** |
| | * | |
| **UNITED HEALTHCARE INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is the Defendants' Motion for Reconsideration on the issue of the Plaintiffs' right to seek penalties for failure to produce plan documents (Rec. Doc. No. 56). The Court heard oral argument and took this motion under submission. For the following reasons, the motion is now DENIED.

## I.     BACKGROUND

On January 21, 2009, the Court issued an Order & Reasons that set forth the factual background of this litigation and addressed the Defendants' Motion for Partial Summary Judgment. *See* Rec. Doc. No. 54. On February 5, 2009, the Defendants filed the instant motion for reconsideration, asking the Court to revisit the issue of derivative standing to seek penalties for the failure to produce plan documents, which was one issue addressed in that decision.

In its January 21, 2009 Order & Reasons, the Court concluded that the Plaintiffs had derivative standing to pursue a claim for failure to produce plan documents. The Employee Retirement Income Security Act ("ERISA") provision at issue requires that plan administrators periodically furnish participants or beneficiaries with a Summary Plan Description under 29 U.S.C. § 1024(b)(1), and subjects the administrator to a civil penalty of $100 per day for failure to timely comply with such a request under 29 U.S.C. § 1132(c). The Court noted that no Fifth Circuit decision specifically addressed derivative standing under 29 U.S.C. § 1132(c). However,

the Fifth Circuit has determined that derivative standing exists for assignees to sue under 29 U.S.C. § 1132(a), which grants participants or beneficiaries the right to bring a civil action. This Court noted 29 U.S.C. § 1132(c) uses the same language as § 1132(a), addressing the claims of a "participant" or "beneficiary," and that the Fifth Circuit has expressed a strong policy in favor of granting derivative standing.[1] The Court further noted that the production of plan documents are essential to the Plaintiffs' ERISA claim, and that the assignment was valid and specifically assigned the right to collect unpaid benefits, penalties, costs, and to sue in the insured's name to assert all claims that the insured would have. Thus, the Court held that Plaintiffs have derivative standing under 29 U.S.C. § 1132(c)(1) to request plan documents and denied the Defendants' motion for summary judgment on this issue.

## II.     PRESENT MOTION

The Defendants now move for reconsideration of the denial of summary judgment as to claims 35 and 36 of the Plaintiffs' complaint, which seek $100 per day civil penalties for the failure to provide the Plaintiffs with plan documents pursuant to Section 104(b)(4), 29 U.S.C. § 1024(b) and 29 U.S.C. § 1132(c) of ERISA.  The Defendants contend that Plaintiffs' right to receive plan documents is not grounded on Section 104(b)(4), 29 U.S.C. § 1024(b) and 29 U.S.C. § 1132(c), but rather arises under statutory and regulatory provisions governing disputed benefit claims: ERISA Section 503, 29 U.S.C. § 1133, 29 C.F.R. §2560.503-1(h),(m), which do not provide for the recovery of civil penalties. Considering that no Fifth Circuit precedent has

---

[1]"[D]enying derivative standing to health care providers would harm participants or beneficiaries because it would discourage providers from becoming assignees and possibly from helping beneficiaries who were unable to pay them 'up-front.' Likewise, granting derivative standing to the assignees of health care providers helps plan participants and beneficiaries by encouraging providers to accept participants who are unable to pay up front." *Tango Transport v. Healthcare Financial Services, Inc.*, 322 F.3d 888 (5th Cir. 2003) (citations omitted).

found that an assignee has the right to seek penalties for the failure to produce plan documents under Section 104(b)(4), 29 U.S.C. § 1024(b) and 29 U.S.C. § 1132(c), that the assignee has an alternative means of seeking documents under Section 503, and that the assignment at issue is a generic assignment form that does not include the right to seek documents under Section 104(b)(4), the Defendants urge the Court to reconsider and grant the Defendants' motion for summary judgment on this issue.

In response, the Plaintiffs claim that there is no reason to reconsider the Court's Order & Reasons finding that the Plaintiffs have derivative standing to assert a failure to produce documents in violation of ERISA. The Plaintiffs argue that the Defendants' motion re-urges the same arguments previously made to and rejected by the Court, or arguments that were previously available, but ignored by the Defendants. The Plaintiffs further argue that there is no support for the Defendants' claim that Section 503, 29 U.S.C. § 1133 is the only provision whereby Plaintiffs can request plan documents. Further, the Plaintiffs note that Section 503 gives participants or beneficiaries the right to access plan documents, as does 29 U.S.C. § 1132(c), so there is no reason to read the Plaintiffs' rights pursuant to a valid assignment under each section differently.

### III.     LAW AND ANALYSIS

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure or a motion for relief from judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure. *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir.1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990); Fed.R.Civ.P. 59(e), 60(b). If the motion is filed within ten days of the rendition of

judgment, it shall be governed by Rule 59(e); if the motion is filed after ten days of the rendition of judgment, it shall be governed by Rule 60(b). *Lavespere*, 910 F.2d at 173. In the present case, the Court entered its ruling on January 21, 2009. The Defendants' motion for reconsideration was filed on February 5, 2009. Accordingly, the Defendants' motion was filed less than ten days after the Court's ruling and, as such, is subject to the standards of Rule 59(e).

A Rule 59(e) motion for reconsideration of a judgment is an extraordinary remedy which courts should use sparingly. *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, *1 (E.D. La. June 5, 2002)(citing Miller & Kane, Federal Practice & Procedure: Civil 2d § 2810.1, p. 124; *Fields v. Pool Offshore, Inc*. 1998 WL 43217 (E.D.La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, *1 (E .D.La. Aug. 30, 1995)). The remedy is so extraordinary that the United States Court of Appeals for the Fifth Circuit has stated that denial of Rule 59(e) motions is favored. *See id.* The district court has considerable discretion in deciding whether to reopen a case pursuant to Rule 59(e). *See id.* Courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law. *Flynn v. Terrebonne Parish Sch. Bd.*, 348 F.Supp.2d 769, 770 (E.D.La.2004). However, the remedy should not be used to "relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Peterson*, 2002 WL 1268404 at * 1.

First, the Defendants argue that the Plaintiffs' assignment may grant them a right to seek plan documents under the law governing disputed benefits claims, ERISA § 503, 29 U.S.C. § 1133, 29 C.F.R.§ 2560.503-1, but not to receive civil penalties for failure to produce plan

documents under ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4) and 29 U.S.C. § 1132(c). Section 503, 29 U.S.C. § 1133 provides, "In accordance with regulations of the Secretary, every employee benefit plan shall-- (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." Under 29 C.F.R. § 2560.503-1(l), "In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim."

Thus, the Defendants take the position that the Plaintiff assignees have an alternative right to receive plan documents and that the provision of civil penalties is not necessary to the assignee's right to pursue claims. The ERISA provision at issue requires that plan administrators periodically furnish *participants* or *beneficiaries* with a Summary Plan Description, see 29 U.S.C. § 1024(b)(1) , the purpose being to communicate to beneficiaries the essential information about the plan. *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995). 29 U.S.C. § 1133 requires written notice to be furnished to a "participant or beneficiary," and 29 U.S.C. § 1132(c) provides for civil penalties for failure to furnish information to a "participant or beneficiary." The Defendants concede that a participant or beneficiary would have a right to penalties for the failure to produce plan documents under 29 U.S.C. § 1132(c), yet argue that 29

U.S.C. § 1024(b)(4) and 29 U.S.C. § 1132(c) provide a broader set of disclosure rules that should not be available to an assignee. Nothing in the statute or the regulations states that § 503 is the only procedure available for a participant, beneficiary or assignee to request plan documents. Although the Court recognizes the distinction between the rights of a beneficiary to receive medical services or reimbursement and the rights of an assignee of such a beneficiary to receive payment,[2] the Court finds that an assignee may seek penalties for the failure to produce plan documents under 29 U.S.C. § 1024(b)(4) and 29 U.S.C. § 1132(c) when it has specifically been assigned that right.

The assignment at issue case states,

Assignment of Rights

> I [participant] hereby assign to Total Sleep Diagnostics (to the extent allowed by law), the right to collect the unpaid insurance benefits, penalties, attorney's fees, court costs and all other recoverable damages of any nature from the medical insurance company that provided coverage on the date listed below. This assignment includes the assignment of the right to sue the undersigned's medical insurance company in the undersigned's/insured's name and assert all claims that the undersigned/insured will have against the insurance company resulting from, or in any way pertaining to, the [sic] medial insurance coverage that the undersigned is alleged to have had with his or her insurance company . . .

TSD Assignment of Rights, Pl.'s Opp. Ex. A. (Rec. Doc. No. 29).

The Defendants cite *Hermann Hospital v. MEBA Medical Benefits Plan*, 959 F.2d 569, 576 (5th Cir. 1988) and *Barix Clinics of Ohio, Inc. v. Longaberger Family of Companies Group Medical Plan, et al.*, 459 F.Supp.2d 617 (S.D. Ohio 2005) to argue "The mere fact that a participant or beneficiary assigns payment for unpaid charges directly to the provider ... does not constitute an assignment of every right or cause of action the participant or beneficiary may have

---

[2] *See Hermann Hospital v. MEBA Medical Benefits Plan*, 959 F.2d 569, 576 (5th Cir. 1988).

under ERISA." *Id*. at 624. However, the assignments in the cases cited by the Defendants were not as specific as the assignment in the instant case. The court in *Barix* noted that there were no allegations that the participants assigned any right beyond the right to receive payment to the plaintiff. *Id*. The court continued, "even assuming that an assignee for benefits may pursue a claim for the violation of § 1024(b)(4), the allegations in the instant complaint are insufficient to state a claim under that section[,]" noting that the complaint referred to more than one plan administrator without identifying the administrator responsible, that a plan administrator is under no obligation to disclose plan documents to third parties without written authorization from a participant or beneficiary, and that the complaint did not allege that the plaintiff submitted any written request or authorization from its patients for the disclosure of plan documents. *Id*. at 625.

In *Hermann*, the assignment transferred "all rights, title and interest in the benefits payable for services..." 959 F.2d 569. In the instant case, the assignment provides not only the right to collect benefits, but also the right to sue and assert all claims including the right to collect "... penalties, attorney's fees, court costs, and all other recoverable damages..." Further, as the Court held earlier, the production of plan documents is essential to the Plaintiffs' ERISA claim. The Court finds no support for the contention that assignment rights under § 1132(c) should be read differently than § 1132(a) or § 1133, or that § 1133 should be the Plaintiffs' exclusive means to access plan documents.

The Defendants also claim that access to penalties for failure to produce plan documents would increase the administrative burden of maintaining an employee benefit plan. However, at oral argument the Defendants also noted that such information can increasingly be electronically produced. This burden is further alleviated by giving participants access upon proof of a valid assignment. The Court finds that the Defendants' motion has set forth no clear

error, new evidence, manifest injustice or intervening change in controlling law. Thus, for the reasons stated in the January 21, 2009 Order & Reasons, and for the additional reasons stated above, the Court stands by its conclusion that the Plaintiffs' have been assigned the right to seek penalties for the failure to produce plan documents

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Reconsideration (Rec. Doc. No. 56) is DENIED.

New Orleans, Louisiana this 31st day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE